IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSEPH P. TOTORO, II,<br><br>        *Defendant.* | CRIMINAL ACTION<br>NO. 15-291 |

**PAPPERT, J.**                                                                                          **SEPTEMBER 9, 2016**

## MEMORANDUM

On April 7, 2015 the United States of America ("United States" or "Government") filed a criminal complaint against Joseph Totoro, II ("Totoro") stemming from an alleged relationship he maintained with a minor in which the two used their cellular phones to exchange inappropriate images of themselves. (ECF No. 1.) The Government charged Totoro with: (1) transfer of obscene materials in violation of 18 U.S.C. § 1470; (2) receipt of child pornography in violation of 18 U.S.C. § 2252(a); (3) possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B); and (4) use of an interstate commerce facility to entice a minor to engage in sexual conduct in violation of 18 U.S.C. § 2422(b). (*Id.*)

On April 13, 2015 Catherine Henry, Esquire ("Henry") of the Federal Community Defender Office entered her appearance on behalf of Totoro. (ECF No. 6.) On June 12, 2015, after Totoro "rais[ed] an issue as to [his] competency" to stand trial, Magistrate Judge Richard Lloret ordered him to submit to a psychological evaluation and testing by Dr. Pogos H. Voskanian ("Dr. Voskanian"). (ECF No. 14.) On June 22, 2015 Dr. Voskanian submitted to the court his evaluation which concluded that Totoro was competent to stand trial.

On June 25, 2015 the Government filed an indictment against Totoro, adding counts for production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) and blackmail

1

in violation of 18 U.S.C. § 873.  (ECF No. 15).  On June 30, 2015 Magistrate Judge Lloret issued an order stating that Totoro was competent to stand trial in light of Dr. Voskanian's psychological evaluation.  (ECF No. 17.)  On July 6, 2015 Totoro pleaded not guilty to all counts in a hearing before Magistrate Judge Marilyn Heffley.  (ECF No. 19.)

After a January 21, 2016 hearing where Totoro again raised the issue of his competency to stand trial, the Court ordered that Totoro submit to a second psychological evaluation and testing by Dr. Voskanian.  (ECF No. 34.)  On February 6, 2016 Dr. Voskanian submitted the results of his evaluation which concluded that as of that time Totoro was not competent to stand trial.  Dr. Voskanian, however, also stated that Totoro was intentionally misrepresenting his knowledge and understanding of relevant legal concepts and was exaggerating symptoms of mental illness.  Dr. Voskanian accordingly recommended transferring Totoro to a mental health facility for a fuller assessment.

Henry thereafter filed an unopposed motion to commit Totoro to a Bureau of Prisons medical facility.  (ECF No. 38.)  After a competency hearing on February 17, 2016 the Court issued an order committing Totoro to be examined in a "suitable facility" regarding his mental capacity and ability to stand trial.  (ECF No. 41.)  Totoro was subsequently transferred to the Federal Medical Center ("FMC") in Butner, North Carolina for examination consistent with the Court's order.

FMC subsequently submitted to the Court the results of Totoro's forensic evaluation at that facility.  The June 23, 2016 FMC report details Totoro's mental history based upon a number of interviews that psychologists conducted with him.  The report also discusses the administration and results of certain psychological tests designed to determine the potential "malingering" of psychiatric illness.  Totoro scored highly on one such test, suggesting to the

professionals at FMC "that he may be feigning mental illness." In fact, the report stated there was evidence Totoro was "feigning widespread impairment." Based upon all available information, the evaluating psychologists concluded that Totoro was not suffering from a mental disease or defect that impairs his ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense and certified to the Court that Totoro was competent to stand trial. (*Id.*)

The Court then held a telephone conference with Henry and counsel for the United States on June 29, 2016 to discuss setting a trial schedule. (ECF No. 44.) On July 28, 2016 Henry filed a motion to withdraw as Totoro's attorney, stating that "[t]here has been an irreconcilable breakdown in communication between Counsel and the Defendant and the Defendant is asking that new counsel be appointed." (Mot. to Withdraw ¶ 3, ECF No. 45.) The United States filed a response requesting that the Court hold a hearing on the motion and that it "does not have sufficient facts to take any position on this motion." (Gov't's Resp. to Mot. to Withdraw, ECF No. 46.)

The Court held a hearing on the motion on September 7, 2016. (ECF No. 48.) During an *ex parte* colloquy with the Court, Henry indicated her willingness to continue to represent Totoro and that her motion was triggered by Totoro's desire to obtain new counsel. Totoro represented to the Court that he no longer trusted his current counsel, in part due to the varying, and in his opinion inconsistent, plea deals Henry discussed with him over time. He also stated that he mistrusts the "system" given that the Federal Community Defender Office and the United States Attorney's Office are both funded by "the government."

◆

Pursuant to Local Criminal Rule 44.1:

> [The] appearance [of a lawyer representing a defendant in any criminal proceeding] shall constitute a representation to the Court that counsel so appearing shall represent the defendant until final disposition of the case in this Court. No appearances may be withdrawn except by leave of Court.

Under Local Rule 44.1, any lawyer entering an appearance for a criminal defendant in this Court understands that the representation continues "until final disposition of the case in this Court" and that there is no right of withdrawal in mid-stream "except by leave of Court."

In evaluating an attorney's motion to withdraw, "the court must weigh the reasons for which counsel seeks to withdraw, the prejudice to the client and other litigants, the harm to the administration of justice, and delay in the resolution of the matter." *United States v. Fattah*, 159 F. Supp. 3d 545, 548 (E.D. Pa. 2016) (citing *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998). In a criminal proceeding the Court must also consider the Sixth Amendment, which guarantees the defendant the right to a speedy trial and the assistance of counsel for his defense. *See generally* U.S. CONST. amend. VI.

Henry stated that the motion to withdraw is based on Totoro's desire for a different lawyer in spite of her willingness to continue her representation. Thus, although Henry styled the motion as one to withdraw as counsel it is more accurately framed as Totoro's motion to remove or substitute counsel. In the context of a motion to substitute, "the district court must engage in at least some inquiry as to the reasons for the defendant's dissatisfaction with his existing attorney." *McMahan v. Fulcomer*, 821 F.2d 934, 942 (3d Cir. 1987) (citing *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982)). A request to substitute need only be granted for good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney" that could lead to an unjust verdict at trial. *United*

4

*States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir.1995); *see United State v. Iorio*, No. 08-cr-068, 2008 WL 2810192, at *1 (M.D. Pa. July 21, 2008).

Since the request is based on a breakdown in communication stemming from Totoro's distrust of his counsel, the Court finds good cause to exist and grants the motion.  Further, granting the request is warranted in light of the serious charges against Totoro and the potential sentence of significant incarceration should he be convicted at trial.  Allowing Henry to withdraw and appointing new counsel also does not prejudice Totoro, particularly in light of the Court's ability in this instance to quickly appoint substitute counsel.[1]  Although granting the request does further delay the resolution of the matter, that delay will not be so unreasonable as to warrant compelling Totoro to proceed with counsel with whom he is dissatisfied.

Although the Court grants the motion, it does so with some hesitation.  Totoro is represented by competent and experienced counsel who in multiple interactions with the Court in this case (and others) has very capably advocated for her client.  Counsel can only convey to her client whatever potential plea agreement the Government is willing to offer.  The terms of such a proposed agreement are of course dictated in large part by the Government's assessment of the strength of its case—something Totoro acknowledged.  The Court is also skeptical of Totoro's purported distrust of his lawyer, particularly given the multiple reports the Court has received from different professionals that Totoro is feigning symptoms of mental illness, ostensibly in an effort to be declared incompetent to stand trial.  Notwithstanding these concerns, Totoro is facing very serious charges and he is adamant that he can no longer work with his lawyer.  This purported breakdown of communication between the defendant and his counsel justifies the appointment of a new lawyer and allowing Henry to withdraw from the case.

---

[1]   By separate Order, the Court today appoints Criminal Justice Act ("CJA") panel member George Newman, Esquire to replace Henry as Totoro's counsel.

An appropriate Order follows.

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.