# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-291 |
| JOSEPH P. TOTORO, III | : | |

## GOVERNMENT'S RESPONSE TO THE
## DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

The government, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Priya De Souza, Assistant United States Attorney for the district, hereby respectfully files this response in opposition to the defendant's suppression motion. The government asks the Court to deny the motion without prejudice so that the defendant may file a motion that complies with the Local Rule of Criminal Procedure.

**I.      PROCEDURAL BACKGROUND**

a. On June 25, 2015, the defendant was indicted on one count of production of child pornography, in violation of 18 U.S.C. § 2251(a), one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b), two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), two counts of transfer of obscene materials to a minor, in violation of 18 U.S.C. § 1470, one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of blackmail, in violation of 18 U.S.C. § 873.

b. On November 29, 2016, the defendant filed a motion suppress physical evidence.

Within the motion, the defendant requests leave to file a Memorandum of Law at the conclusion of testimony being taken on his motion.

c. The government respectfully requests that the defendant's motion, as currently filed, be denied without prejudice.

II. **LEGAL ARGUMENT**

a. Local Rule of Criminal Procedure 12.1 Pretrial Motion Practice provides, in part: "All motions shall be filed with the Clerk of the Court, copies being sent to the Deputy Clerk of the Judge, and shall be accompanied by a memorandum of law containing a concise statement of the legal contentions and authorities relied upon in support of said motion."

b. Furthermore, the burden of proof is on the defendant who seeks to suppress evidence. *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995). It is only after the defendant has established a basis for his motion, i.e., the search or seizure was conducted without a warrant, that the burden shifts to the government to show that the search or seizure was reasonable. *Id.*; see also *United States v. Benoit*, 730 F.3d 280, 288 (3d Cir. 2013), *citing to United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir.1992) ("A defendant who seeks to suppress evidence bears the burden of making a prima facie showing of illegality. Reliance on vague, conclusory allegations is insufficient.").

c. The defendant's conclusory, two-page, motion to suppress physical evidence fails to meet his burden. First, the defendant fails to set forth any arguments as to why the seizure of his cell phone upon his arrest or the subsequent search warrant of that cell phone was inappropriate. The motion further fails to enunciate why the written consent form to search his cell phone, which in consultation with his previous defense attorney

was then signed by both the defendant and his defense attorney, is invalid. Finally, the defendant advances no basis as to why the second search warrant of the same cell phone, which attached his written consent form among other items, fails to establish probable cause.

d. The defendant has not met his burden to warrant a suppression hearing. The government suggests that a Memorandum of Law may provide an opportunity to explain his legal basis for his request.

e. Without a Memorandum of Law, as required by the local rules, the government cannot adequately file a response motion by this Court's scheduled deadline of December 23, 2016.

**III.     CONCLUSION**

a.  Therefore, the government respectfully requests that the defendant's motion be denied without prejudice, and for any subsequent motion to comply with the Local Rule of Criminal Procedure 12.1.

                         Respectfully submitted,

                         ZANE DAVID MEMEGER
                         United States Attorney


                         /s/ Priya T. De Souza
                         PRIYA T. DE SOUZA
                         Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-291 |
| JOSEPH P. TOTORO, III | : | |

## ORDER

AND NOW, this      day of            , 2016, after review of defendant's motion to suppress physical evidence and the government's response, the defendant's motion is DENIED without prejudice to his right to file a motion that contains a Memorandum of Law stating a legal basis for his motion to suppress physical evidence, as required by Local Rule of Criminal Procedure 12.1. Should the defendant choose to a file a new motion, it shall be filed on or before the previously scheduled date of December 13, 2016.

BY THE COURT:

_____
GERALD J. PAPPERT, J.
*United States District Judge*

# CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response to the defendant's motion to suppress physical evidence and proposed order was served by email, electronic filing, or U.S. mail on the following defense counsel:

> George Henry Newman, Esquire
> 100 S. Broad Street, Suite 2126
> Philadelphia, PA  19110
> 215-592-9400
> ghnlawyer@yahoo.com

> /s/ Priya T. De Souza
> PRIYA T. DE SOUZA
> Assistant United States Attorney

Date:   December 2, 2016