In the United States District Court
For the Eastern District of Pennsylvania

| United States | Criminal Action |
| v | No 15-291 |
| Joseph P. Totaro II (Pro)Se) | |

Pro Se Motion For Dismissal of Indictment for Brady violations

1) Procedural Background

1) On March 2, 2017, a status conference was held an order for the government to produce all discovery except Jenx material by March 7, 2017

2) A motion to continue was filed by Joseph P. Totaro II for a continuance of 150 days from the April 7, 2017 deadline of pretrial motion and trial to follow.

3) 5 discs of discovery was given on March 13, 2017 where defendant viewed 1000 of pages of text messages, FBI reports, audio recordings, search warrants and over 26,000 pictures which needed to be reviewed at the FBI headquarters

4) On April 7, 2017 another disc was received with grand jury transcripts and thousands of pages of blank email headers.

2

5) The government has chosen by order not to ask for any content of any emails, text messages, chat messages of either defendant, or complaintants, RS, PS & IS where information of exculpatory nature is located.

6) On April 7, 2017 the Honorable Judge Pappert ordered a new scheduling order for all pretrial motions were due by June 16, 2017 and a trial date of July 31, 2017 was set not the 150 day that was originally asked for

7) On May 5, 2017 Defendant Joseph P. Bias II filed an exparte motion for an IT expert to go the the vast amount of discovery, for missing documents, picture data, recorded by, meta data, kik messages, emails that we missing and to organize data

8) As of July 5, 2017 no ruling has been made for the computer expert.

9) On May 30, 2017 defendant received 3 more discs which were not able to be viewed because the government did not put them in a viewable format.

9) On June 5th the standby counsel printed most of the new discovery and delivered to defendant

10) There were no bates stamps attached to the originals/discs so a new disc was sent on or about June 6, 2017 by the office of attorney General.

11) The defendant then filed a motion for this first discovery violation and had a status conferences on June 2, 2017.

12) At the status conference the government proceeded to make excuses that the late discovery was do to the fact that items to be viewed because of redaction at FBI headquarters

13) The only items they were to be viewed at the FBI headquarters were the pictures, anything else with complaintants name could have been redacted.

14) After viewing discovery the complaintants names and addresses and telephone numbers were still in the discovery that was received so the redaction is moot

13) An appointment was made to view the said pictures on Monday and Tuesday on June 26, 2017 & June 27, 2017

14) Judge Pappert ordered a 3 week continuance for defendant's motion deadline from June 16, 2017 to July 7, 2017

16) The Prosecutor motions were due on June 16, 2017 and response was due on June 30, 2017

17) Defendant did not receive the motion in limine until June 29, 2017 while at the meeting at the FBI headquarters to review un-redacted pictures

18) Defendant requested and filed another motion to extend the answer deadline which was denied and the defendant did not have ample time to answer motion to provide a complete defense.

19) While viewing the un-redacted discovery at FBI headquarters on June 29, 2017 & June 21, 2017 it was not just the pictures that were being viewed. There was a missing amount of text messages and other

information that was not turned over to defense.

20) After spending over 10hrs with standby counsel reviewing the new discovery & pictures we was able to get about half way down just try to count and catalogying them.

21) The pictures are not even date stamped so it is impossible to catalog

22) without a. It is report it is impossible to get a fair trial and prepare a complete defense.

23) The newest discovery violation was not known until matching up the discovery discs provided on March 13, 2017 and June 6, 2017 by standby counsel in hard copy format.

25) The discovery has been manipulated by the government. The discovery that was received on March 13, 2017 is materially different than the discovery on June 6, 2017

30) Text messages have materially changed, pictures sent have materially changed, dates/times have changed by seconds, minutes, even hrs.

31) Lines of text have been altered, so so the dialogue is now different. Lines of text were added.

32) Time stamps have changed of when text was sent and received, pictures of when they were sent and received.

33) This entire case is based on these text message conversations and when an where pictures were sent

34) Since the data have been manipulated there is no way to know which discovery is valid or both have been altered. It is impossible to prepare a defense without knowing the validity of the discovery.

35) Since the prosecution is basing the entire case on the text messages and pictures sent and received, now knowing that the data has changed materially, any text message could have and was manipulated to suit the prosecutions case

36) Not only was this a Brady violation there is a 5th amendment prosecutorial misconduct due process violation

The prosecutor plays a special role in the search for the truth in criminal trials. Strickler v Greene, 527 U.S. 263, 281 119 S.CT 1936, 144 L. Ed. 2d 286 (1999) Within the federal system "the United States attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal case prosecution is not that it shall win a case, but that justice shall be done." Id. (quoting Berger v United States, 295 U.S. 78, 88, 55 S.CT 629, 79 L. Ed. 1314 (1935) Courts, litigants and juries properly anticipate that "obligations to refrain from improper methods to secure a conviction... plainly resting upon the prosecuting attorney, will be faithfully observed," and a prosecutor's dishonest conduct or unwarranted concealment or should attract no judicial approbation. Banks v Dretke

540 U.S at 694, 696 (quoting Boger, 295 U.S. at 88

36) Since the defendant has taken over his case he has been hampered by the prosecutor and the court for deciding to represent himself.

37) The Prosecutors failure to request all the emails content, text messages from providers, AT&T, Verizon, kik, google, skype from both parties, the late turning over of discovery, not turning over all the discovery and now to actually manipulating and changing the original discovery giving, it is impossible to prepare a competent defense in the upcoming weeks. This discovery violation is so egregious that the only remedy is dismissal or suppression of all text messages from kik, skype, oovoo etc.

38) The defense is providing 4 different exhibits showing pages of both discoveries and which data has changed materially.

38) There are so many discrepancies that it is impossible to determine what is real and what is not real

40) The discovery is so tainted that the government could have arranged any of the text messages in any order to make the government's case

41) No witness can testify to the validity of the messages of the text or pictures sent because of the missing amount of conversation. When one sentence can make the difference in an acquittal or conviction. No one can remember what was said from 5 years ago. There are gaps of days and hrs in the conversations. There are texts with only one person talking and that person is having a conversation with someone else but there is only one person's speaking and you can't tell what is being said in return.

42) The Supreme Court provided that prosecutorial misconduct, such as governmental corruption of the truth finding process, can result in a deprivation of Due process. Ray v United States, 588 2d 601, 603 (8th cir. 1979; see also United States v Agurs, 427 US 97, 103, 96 S.CT 2392, 49 L.Ed 2d 342 (1970) Giglio v United States, 405 U.S. 150, 153, 92 S.CT. 763, 31

43) The government can not claim mistake or error in not asking for context of text or emails, the government can not claim error in withholding non pictures act of discovery because they deem them not relevant. The government can not claim error in manipulating the data. If one line was changed one time error might be considered or if the same error occurred over and over. These are different ex manipulations, Time stamps, changed, sentences, switched, adding text,

- deleting text. Gaps in conversation, 2 text that appear out of the blue after talking for 90 min then a gap of almost 2 hrs.

Again enclosed are 4 exibits with date manipulation Joseph P. Tatro II Pro Se respectfully asks the court to either dismiss the charges or exclude all messages

~~scribbled out~~

Example                    Four hr diff between UTC + EDT seconds
Exibit 1                    min should match always

New Discovery                              Old Discovery
1) Those days (4/17/2013, 3:56:48 PM (UTC))  match  1) Those days  11:56:48
2) Guess who hounds wife acting partner was          2) Guess who hounds wife
   for two years (4/17/2013, 3:58:08)  wrong           acting partner was for two years
                                   time off           4/17/2013 (11:57:57)
                                                      51 sec time diff.

3) Who (4/17/2013 3:58:14)    match    who (11:58:14)

4) She acts? (4/17/2013 3:58:17)  match  She acts? (11:58:17)

5) She was taking a lot of classes            She was taking a lot of classes
   to try years ago (3:58:51)  wrong          to try years ago (11:58:43)
                               time                              8 sec diff

6) Soooo 4/17/2013 3:58:59 wrong she still does to 11:58:54
          Like charge time manipulated

new                                  old

7) Who was it (4/17/2013 3:59:02)     Damon (11:59:01)
            Like + time wrong

8) She still does tv (4/17/2013 3:55:03)    Who was it (11:59:02)
            Like + time wrong

9) Damon (4/17/2013 3:59:10)          Ian Somerhoder (11:59:21)
            like + time wrong

10) Ian Somerhyder (3:59:21)          aHHHH I hate Her
                                       11:59:40

            time + like wrong

11) aHHHH I hate Her (3:59:40)        Yes (12:00:07)
            Time + like off

12) Yes        (4:00:19)              Here in. seven min. be
            Time + like off            out and ready
                                       12:00:21

13) Here in. seven min be out
    and ready   (4:00:30)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 15 - 291 |
| | : |
| JOSEPH TOTORO | : |

**CERTIFICATE OF SERVICE**

I, Michael Drossner, Esquire, standby counsel to defendant Joseph Totoro in the above-captioned matter, hereby certify that on this 7th day of July, 2017, I caused a true and correct copy of the below document to be served by ECF upon Priya DeSouza, Esquire, Assistant United States Attorney, United States Attorney's Office, Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106-4476:

(1) Motion to Dismiss Indictment due to Brady Violations.

Respectfully submitted,

*HALIM DROSSNER, P.C.*

  /s/ Michael Drossner
Michael Drossner, Esquire
PA Bar ID No. 87323
1528 Walnut Street, Suite 1501
Philadelphia, Pennsylvania 19102
Michael@HalimDrossner.com
215.546.5141